UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

FONTAINEBLEAU LAS VEGAS    Case No. 09-21481-BKC-AJC
HOLDINGS, LLC, et al.,[1]    Chapter 11
                              (Jointly Administered)

    Debtors.
_____/

TURNBERRY WEST CONSTRUCTION, INC.,

    Plaintiff,

vs.                           Adv. Pro No. 09-01762-BKC-AJC-A

AVENUE FUND, LTD.; et al.,

    Defendants.
_____/

**MOTION BY DEBTORS FOR ENTRY OF AN ORDER**
**STAYING ADJUDICATION OF COUNT II OF AMENDED COMPLAINT**

    Fontainebleau Las Vegas Holdings, LLC ("Holdings"), a debtor in the above-captioned chapter 11 cases and a defendant in this adversary proceeding, together with Fontainebleau Las Vegas, LLC ("Resort") and Fontainebleau Las Vegas Capital Corp. ("Capital"; Holdings, Resort and Capital being collectively referred to as the "Debtors") pursuant to sections 105(a) and 105(d) of title 11, United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and Fed. R. Civ. P. 16(a), as made applicable by Fed. R. Bankr. P. 7016, respectfully submit this

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822]. The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida  33180.

motion (the "Motion") requesting entry of an Order staying all deadlines relating to, and the adjudication of, Count II of the Amended Complaint filed by Plaintiff Turnberry West Construction, Inc. ("TWC") until such time as the Court hears the Mechanic's Lien Bar Date Motion (defined below) or, if the Court approves the Mechanic's Lien Bar Date Motion, until further order of the Court after giving effect to the proposed procedures thereunder to adjudicate the validity, priority and extent of the Mechanic's Lien Claims of prepetition Lien Claimants[2] (the "Mechanic's Lien Claims").  In support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

By this Motion, the Debtors seek an Order under section 105(a) of the Bankruptcy Code staying all deadlines relating to, and the adjudication of, Count II of the Amended Complaint, which seeks a determination of the validity, priority and extent of TWC's Mechanic's Lien Claim and all other Mechanic's Lien Claims held by those claiming liens by and through TWC, until such time as the Court hears the Mechanic's Lien Bar Date Motion or, if the Court approves of the Mechanic's Lien Bar Date Motion, until further order of the Court so as to facilitate the proposed procedures thereunder.  Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the

---

[2] For purposes of this Motion, the Debtors adopt the definition of a "Lien Claimant" from section 108.2214 of the Nevada Revised Statutes, as follows:

> "1. 'Lien claimant' means any person who provides work, material or equipment with a value of $500 or more to be used in or for the construction, alteration or repair of any improvement, property or work of improvement. The term includes, without limitation, every artisan, builder, contractor, laborer, lessor or renter of equipment, materialman, miner, subcontractor or other person who provides work, material or equipment, and any person who performs services as an architect, engineer, land surveyor or geologist, in relation to the improvement, property or work of improvement.
> 2. As used in this section, 'laborer' includes, without limitation, an express trust fund to which any portion of the total compensation of a laborer, including, without limitation, any fringe benefit, must be paid pursuant to an agreement with that laborer or the collective bargaining agent of that laborer."

1

provisions of this title." 11 U.S.C. § 105(a). *See Walton v. Countrywide Home Loans, Inc. (In re Sanchez)*, No. 08-1176-BKC-AJC-A, 2008 WL 4467207, at *2 (Bankr. S.D. Fla. Oct. 2, 2008) (Cristol, J.) (*citing Marrama v. Citizens Bank of Mass.,* 549 U.S. 365 (2007) (noting the "broad authority" granted to bankruptcy judges to take any action that is necessary or appropriate to prevent an abuse of process).

Here, an abuse of process will occur in several respects if Count II of the Complaint is not stayed. First, in its current form, the Amended Complaint will likely draw in most of the nearly 180 Mechanic's Lien Claims. A single litigation of so many claims is abusive to all parties. Second, such litigation will be wasteful as the Debtors possess a plan to streamline and avoid much litigation of Mechanic's Lien Claims. The Debtors and other parties in interest should first be afforded an opportunity to address with the Court the manner in which the determination of the validity, priority and extent of Mechanic's Lien Claims is best managed prior to such claimants racing to intervene in this adversary proceeding or, worse yet, commencing other multitudinous adversary proceedings. Third, absent a thoughtful Mechanic's Lien Claims process, litigation of such Claims in the context of this adversary proceeding or, worse yet, in numerous adversary proceedings will become unwieldy, time-consuming and expensive, likely not resolving the priority of liens against the Project in time to facilitate a meaningful reorganization process.

In order to avoid any unnecessary expense born by either Mechanic's Lien Claimants, the Lenders[3] or the Debtors in respect of Count II of the Amended Complaint, the Debtors respectfully request that the Court schedule as expeditiously as possible a simultaneous hearing

---

[3] The Amended Complaint defines the "Lenders" as the Term Lenders, Swing Line Lenders, Revolving Lenders, and 2nd Mortgage Lenders (each of which are defined in the Amended Complaint).

2

on this Motion and the Mechanic's Lien Bar Date Motion, which has been scheduled to be heard on July 27, 2009.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

## BACKGROUND

2. On June 9, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being administered jointly pursuant to the *Order Jointly Administering Debtors' Chapter 11 Cases* [Main Case, D.E. 10] pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(B).

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. An Official Committee of Unsecured Creditors (the "Committee") was appointed on June 17, 2009 [Main Case, D.E. 97].

5. The Clerk of the Court has established October 13, 2009 as the bar date for the filing of all claims, including Mechanic's Lien Claims.

6. Until recently, the Debtors were actively engaged in ongoing construction and development of "Fontainebleau Las Vegas," conceived as a signature "Tier A" casino hotel resort with gaming, lodging, convention and entertainment amenities in Las Vegas, Nevada (the "Project").

7. A detailed description of the Debtors' businesses and circumstances leading to the chapter 11 filing is set forth in the *Declaration of Howard C. Karawan in Support of Debtors'*

3

*Chapter 11 Petitions and First Day Pleadings* [D.E. 5] ("Karawan Declaration") and is incorporated herein by reference.

## ARGUMENT

8.   The Amended Complaint was filed by TWC as a result of the July 14, 2009 bar date imposed on it by the Lenders as set forth in the Second Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (III) Scheduling Final Hearing (the "Second Cash Collateral Order") [Main Case, D.E. #242].  The Debtors objected to the Lenders' inclusion of such bar date in the Second Cash Collateral Order and the Debtor's objection was noted in the Order.  Second Cash Collateral Order at ¶19(a).  The Amended Complaint will undoubtedly precipitate a storm of unnecessary litigation.  In particular, Count II of the Amended Complaint[4] seeks a determination of the validity, priority and extent of TWC's lien on its own behalf and on behalf of all construction lien holders claiming by and through the lien of TWC and a finding that the Lenders' liens are inferior to that of TWC in the full amount of its claim.  In the Amended Complaint, TWC asserts that it expects and encourages TWC's subcontractors to intervene in the action to allay conflict of interest concerns.  The Debtors fear that not only will TWC's subcontractors fulfill that expectation but that other Mechanic's Lien Claimants will feel constrained to do so as well or, worse yet, to commence their own adversary proceedings so as to avoid any perceived disadvantage of doing nothing.

---

[4] Count I of the Amended Complaint seeks a declaration that the Affiliate Subordination Agreement in favor of Bank of America, as Administrative Agent, and Wells Fargo, as Trustee (the "Subordination Agreement"), is unenforceable and/or void under Nevada law.  The Debtors do not seek a stay in respect of Count I of the Amended Complaint.

4

9. The Amended Complaint simply puts the cart before the horse by failing to afford the Debtors, the Mechanic's Lien Claimants, and ironically, the Lenders an opportunity to first architect (subject to the approval of the Court) the manner and, perhaps, the fora in which the validity, priority and extent of Mechanic's Lien Claims should be adjudicated. The Debtors urge that a rationale process for the resolution of Mechanic Lien Claims must supplant chaotic activity that works at cross purposes to an orderly reorganization. Otherwise, the result will be a nightmarish conglomeration of claimants, each independently vying to prove that they timely and properly perfected their liens. The resolution of Mechanic's Lien Claims will only be delayed under these unmanageable circumstances, an untenable consequence, wholly inconsistent and anathema to the express desires of the Court, the Debtors and other parties in interest that these cases move expeditiously.

10. Contrary to this wrangle, the Debtors have filed in the jointly administered chapter 11 cases their *Motion for Entry of an Order (A) Establishing A New and Earlier Bar Date for Filing Mechanic's and Materialmen's Lien Claims; (B) Approving Proof of Claim Form for Mechanic and Materialmen Lien Claims; and (C) Approving Form and Manner of Notice Thereof* [Main Case, D.E. #277] (the "Mechanic's Lien Bar Date Motion"). The purpose of the Mechanic's Lien Bar Date Motion is to forge a cost-effective, rationale process for the determination of the validity, priority and extent of Mechanic's Lien Claims. The key aspects of the Mechanic's Lien Bar Date Motion are as follows:

- Establishment of a bar date for Mechanic's Lien Claimants of September 15, 2009, as opposed to October 13, 2009, to ensure that an orderly streamlined process will be timely created to define the Debtors' liability for Mechanic's Lien Claims and the priority of such Claims.

- The approval of a stylized Mechanic's Lien proof of claim form to provide specific, factual information that will be utilized to determine whether the applicable holder of a Mechanic's Lien Claim (a) has complied with the Nevada

5

>Mechanic's Lien Statute and (b) meet each and every one or the requirements of the Nevada Mechanic's Lien Statute entitling the holder of the Claim to a first priority lien on the Project.

11. The Mechanic's Lien Bar Date Motion is designed specifically to streamline the process of determining the validity, priority and extent of Mechanic's Lien Claims. The proposed procedures would expedite the resolution of Mechanic's Lien Claims in a cost effective, efficient manner, reducing expenses of Mechanic's Lien Claimants, the Lenders and the Debtors and allowing the Debtors to address in an orderly fashion a substantial subset of their claims pool. The demand upon Mechanic Lien Claimants to provide baseline information will not entail any greater burden on such Claimants then inherent in a litigation regime. To the extent that Mechanic's Lien Claimants demonstrate that they meet the statutory gateway requirements to obtain first-priority status against the Project, further litigation may be avoided entirely.

12. Any requirement that forces Mechanic's Lien Claimants to adjudicate their claims in this or any other adversary proceeding right now is nonsensical and wasteful. The sheer cost of the adversary proceeding route cannot be sufficiently underscored. Resort, as a defendant, will be required to respond to various responsive pleadings over the next several weeks, including inevitable motions to transfer venue of individual or groups of Mechanic's Lien Claims. In addition to necessitating that the Debtors engage in behemoth litigation, Mechanic's Lien Claimants have already previewed that the Debtors may also be required to reimburse the Mechanic's Lien Claimants for their participation in the adversary proceeding under Nevada law and section 506 of the Bankruptcy Code, respectively. The same might likewise be asserted by the Lenders as to their fees and costs. These reimbursement obligations will only create more administrative expense hurdles for the Debtors' exit from these chapter 11 cases.

13.     On the other hand, the Debtors do not object to TWC and the Lenders proceeding with Count I of the Amended Complaint.  That dispute, however, need not and should not envelop the determination of Mechanic's Lien Claims.  No reason exists why TWC and the Lenders cannot adjudicate the Subordination Agreement separately from the Debtors' proposed rational process to determine the validity, priority and extent of Mechanic's Lien Claims.

14.     Although the Debtors would be hard pressed to characterize the relief requested herein as an emergency, Mechanic's Lien Claimants and the Lenders may well feel constrained to quickly expend monies in this matter unless the Court approves the Mechanic's Lien Bar Date Motion or similar procedures to address Mechanic's Lien Claims efficiently and expeditiously.  As a result, to avoid the potentially unnecessary expense associated with parties preparing responsive papers over the next several days – costs the Debtors may be required to bear – the Debtors request that the Court expeditiously schedule a hearing on both the Motion and Mechanic's Lien Bar Date Motion simultaneously, whether under section 105(d) of the Bankruptcy Code, Fed. R. Civ. P. 16(a), or otherwise.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (a) stay all deadlines relating to, and the adjudication of, Count II of the Amended Complaint filed by TWC until (i) such time as the Court hears the Debtors' Mechanic's Lien Bar Date Motion or (ii) if the Court approves the Mechanic's Lien Bar Date Motion, until further order of the Court; (b) hear both the Motion and the Mechanic's Lien Bar Date Motion simultaneously and as expeditiously as possible to minimize the cost and expense associated with parties in interest retaining counsel and preparing responsive pleadings in respect of Count II of the Complaint; and (c) provide the Debtors with such other and further relief as the Court deems just and appropriate.

DATED: July 21, 2009

          Respectfully submitted,

**I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Counsel to the Debtors*
2500 Wachovia Financial Center
200 South Biscayne Blvd, Suite 2500.
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593


By:   /s/ Scott L. Baena
      Scott L. Baena, Esq.
      Fla. Bar No. 186445
      Jay M. Sakalo, Esq.
      Florida Bar No. 156310
      Matthew I. Kramer, Esq.
      Fla. Bar No. 0937231