# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

**FONTAINEBLEAU LAS VEGAS**      **Case No. 09-21481-BKC-AJC**
**HOLDINGS, LLC, et al.,**      **Chapter 11**
      **(Jointly Administered)**

Debtors.

_____ /

**DESERT FIRE PROTECTION, A NEVADA LIMITED PARTNERSHIP, BOMBARD MECHANICAL, LLC, BOMBARD ELECTRIC, LLC, WARNER ENTERPRISES, Inc. d/b/a SUN VALLEY ELECTRIC SUPPLY Co., ABSOCOLD CORPORATION d/b/a ECON APPLIANCE, AUSTIN GENERAL CONTRACTING, POWELL CABINET and FIXTURE CO., SAFE ELECTRONICS, INC.,**

Plaintiffs,

vs.                    **Adv. Pro No.**

**AVENUE FUND, LTD.; AVENUE II, LTD.; AVENUE III, LTD.; AVENUE IV, LTD.; AVENUE V, LTD.; AVENUE VI, LTD.; BABSON LTD. 2004-I; BABSON LTD. 2004-II; BABSON LTD. 2005-I; BABSON LTD. 2005-II; BABSON LTD. 2005-III; BABSON LTD. 2006-I; BABSON LTD. 2006-II; BABSON LTD. 2007-I; ARTUS LOAN FUND 2007-I LTD.; BABSON LOAN OPPORTUNITY , LTD.; JFIN 2007 LTD.; SAPPHIRE VALLEY CDO I, LTD.; JEFFRIES FINANCE CP FUNDING LLC; BRIGADE LEVERAGED CAPITAL STRUCTURES FUND, LTD.; BATTALION 2007-I LTD.; CANYON CAPITAL ADVISORS, LLC; CASPIAN CORPORATE LOAN FUND, LLC; CASPIAN CAPITAL PARTNERS, L.P.; CASPIAN SELECT CREDIT MASTER FUND, LTD.; MARINER OPPORTUNITIES FUND, LP; SANDS POINT FUNDING LTD.; COPPER RIVER LTD.; KENNECOTT FUNDING LTD.; NZC OPPORTUNITIES (FUNDING) II, LTD; GREEN LANE LTD.; 1888 FUND LTD.; ORPHEUS FUNDING LLC; ORPHEUS HOLDINGS LLC; LFC2 LOAN FUNDING LLC; HALCYON LOAN INVESTORS I LTD.; HALCYON LOAN INVESTORS II LTD.; HALCYON**

1

STRUCTURED ASSET MANAGEMENT LONG SECURED/
SHORT UNSECURED 2006-I LTD.; HALCYON
STRUCTURED ASSET MANAGEMENT EUROPEAN
2008-II B.V.; HALCYON STRUCTURED ASSET MANA
GEMENT I LTD.; HALCYON STRUCTURED ASSET
MANAGEMENT LONG SECURED/SHORT UNSECURED
2007-I LTD.; HALCYON STRUCTURED ASSET MANAGEMENT
LONG SECURED/SHORT UNSECURED 2007-2 LTD.;
HALCYON STRUCTURED ASSET MANAGEMENT LONG
SECURED/SHORT UNSECURED 2007-3 LTD.; ABERDEEN
LOAN FUNDING, LTD.; ARMSTRONG LOAN FUNDING,
LTD.; BRENTWOOD LTD.; EASTLAND , LTD.;
EMERALD ORCHARD LTD.; GLENEAGLES , LTD.;
GRAYSON , LTD.; GREENBRIAN , LTD.;
HIGHLAND CREDIT OPPORTUNITIES CDO, LTD.;
HIGHLAND LOAN FUNDING V, LTD.; HIGHLAND
OFFSHORE PARTNERS, L.P.; JASPER , LTD.;
LIBERTY , LTD.; LOAN FUNDING IV LLC; LOAN
FUNDING VII LLC; LOAN STAR STATE TRUST;
LONGHORN CREDIT FUNDING, LLC; RED RIVER ,
LTD.; ROCKWALL CDO LTD; ROCKWALL CDO II, LTD.;
SOUTHFORK , LTD.; STRATFORD , LTD.;
WESTCHESTER , LTD.; ING PRIME RATE TRUST;
ING SENIOR INCOME FUND; ING INTERNATIONAL (II) –
SENIOR BANK LOANS EURO; ING INTERNATIONAL (II) –
SENIOR BANK LOANS USD; ING INVESTMENT MANAGEMENT
I, LTD.; ING INVESTMENT MANAGEMENT
II, LTD.; ING INVESTMENT MANAGEMENT III,
LTD.; ING INVESTMENT MANAGEMENT IV, LTD.;
ING INVESTMENT MANAGEMENT V, LOTD.;
ENCORE FUND LP; NUVEEN FLOATING RATE INCOME
FUND; FORTISSIMO FUND; NUVEEN FLOATING RATE
INCOME OPPORTUNITY FUND; NUVEEN SENIOR INCOME
FUND; SYMPHONY CREDIT OPPORTUNITY FUND, LTD.;
SYMPHONY I, LTD.; SYMPHONY II, LTD.,
SYMPHONY III, LTD.; SYMPHONY IV, LTD.;
SYMPHONY V, LTD.; CARLYLE PARTNERS 2008-I,
LTD.; CARLYLE HIGH YIELD PARTNERS V, LTD.;
CARLYLE HIGH YIELD PARTNERS VI, LTD.; CARLYLE
HIGH YIELD PARTNERS VII, LTD.; CARLYLE HIGH
YIELD PARTNERS VIII, LTD.; CARLYLE HIGH YIELD
PARTNERS IX, LTD.; CARLYLE LOAN INVESTMENT,
LTD.; CENTURION CDO VI, LTD.; CENTURION CDO VII,
LTD.; CENTURION CDO 8, LIMITED; CENTURION CDO 9,
LIMITED; CENT CDO 10 LIMITED; CENT CDO XI, LIMITED;

2

CENT CDO 14, LIMITED; CENT CDO 15, LIMITED;
VENTURE II CDO 2002, LIMITED; VENTURE OOO CDO
LIMITED; VENTURE IV CDO LIMITED; VENTURE
V CDO LIMITED; VENTURE VI CDO LIMITED;
VENTURE VII CDO LIMITED; VENTURE VIII CDO
LIMITED; VENTUREIX CDO LIMITED; VISTA
LEVERAGED INCOME FUND; VEER CASH FLOW
, LIMITED; DUANE STREET II, LTD.;
DUANE STREET III, LTD.; DUANE STREET
IV, LTD.; DUANE STREET V, LTD.;
JAY STREET MARKET VALUE I, LTD.;
RIVA RIDGE MASTER FUND, LTD.; MARINER LDC;
GENESIS 2007-I LTD.; BANK OF AMERICA, N.A.;
MERRILL LYNCH CAPIRAL CORPORATION;
JPMORGAN CHASE BANK, N.C.; BARCLAYS BANK
PLC; DEUTSCHE BANK TRUST COMPANY AMERICAS;
THE ROYAL BANK OF SCOTLAND PLC; SUMITOMO
MITSUI BANKING CORPORATION; BANK OF SCOTLAND;
HSF NORDBANK AG; MB FINANCIAL BANK, N.A.;
CAMULOS MASTER FUND, L.P.; SERENGETI ASSET
MANAGEMENT, LP; MFC GLOBAL INVESTMENT
MANAGEMENT (US) LLC; FRANKLIN TEMPLETON
INVESTMENTS; GOLDMAN SACHS GLOBAL SITUATIONS
GROUP; EATON VANCE MANAGEMENT INC.;
SATELLITE ASSET MANAGEMENT; BANK OF AMERICA
LLC; PRUDENTIAL INVESTMENT MANAGEMENT-FIXED
INCOME; NOMURA CPR[PRATE RESEARCH & ASSET
MANAGEMENT; DIMAIO AHMAD CAPITAL LLC;
PIONEER INVESTMENT MANAGEMENT INC.;
MFS INVESTMENT MANAGEMENT; NEW YORK LIFE
INVESTMENT MANAGEMENT LLC; REGIMENT CAPITAL
ADVISORS LLC; WESTERN ASSET MANAGEMENT CO.
(WAMCO); JPMORGAN HIGH YIELD PARTNERS;
THRIVENT FINANCIAL FOR LUTHERANS; BLACKROCK
FINANCIAL MANAGEMENT INC.; DENVER INVESTMENT
ADVISORS LLC; FIDELITY MANAGEMENT & RESEARCH;
GOLDMAN SACHS ASSET MANAGEMENT LP (GSAM)(USA);
RIVERSOURCE INVESTMENTS LLC; FEDERAL INVESTORS
INC.; ARES MANAGEMENT, LP; DEUTSCHE ASSET
MANAGEMENT (DEAM) (NYC); TATTERSALL ADVISORY
GROUP INC (PHILADELP0HIA); ING INVESTMENT MANAGEMENT
LLC (ATLANTA); LOGAN CIRCLE PARTNERS LP;
STATE STREET GLOBAL ADVISORS (SSGA); UBI
PRAMERICA SRG SPA; BARCLAYS CAPITAL, INC.; PPM
AMERICA, INC.; BRIGADE CAPITAL MANAGEMENT, LLC;

3

**CREDIT SUISSE ASSET MANAGEMENT AMERICAS (CSAM)(NY);**
**ALLEGIANT ASSET MANAGEMENT CO.;**
**FAF ADVISIORS, INC.; INVESCO INC (NEW YORK);**
**NEWBERGER BERMAN MANAGEMENT LLC;**
**RICHARD WENZ, and JOHN DOE 1-50,**
**Defendants.**
_____/

### COMPLAINT FOR DECLARATION THAT THE STATUTORY LIENS OF CONSTRUCTION CLAIMANTS ARE SUPERIOR IN VALIDITY, PRIORITY, AND EXTENT TO THE LIENS OF THE LENDERS

Plaintiffs, Desert Fire Protection, a Nevada Limited Partnership, Bombard Mechanical, LLC, Bombard Electric, LLC, Warner Enterprises, Inc. d/b/a Sun Valley Electric Supply Co., Absocold Corporation d/b/a Econ Appliance, Austin General Contracting, Powell Cabinet and Fixture Co., and Safe Electronics, Inc., who collectively comprise the Contractor Claimants (the "Contractors Claimants"), by and through undersigned counsel, sue Fontainebleau Las Vegas LLC ("FBLV") as owner and developer, Bank of America N.A as Administrative Agent, Issuing Lender, and Swing Line Lender, Avenue CLO Fund, Ltd., Avenue CLO II, Ltd., Avenue CLO III, Ltd., Avenue CLO IV, Ltd., Avenue CLO V, Ltd., Avenue CLO VI, Ltd., Babson CLO Ltd. 2004-I, Babson CLO Ltd. 2004-II, Babson CLO Ltd. 2005-I, Babson CLO Ltd. 2005-II, Babson CLO Ltd. 2005-III, Babson CLO Ltd. 2006-I, Babson CLO. Ltd. 2006-II, Babson CLO Ltd. 2007-I, Artus Loan Fund 2007-I Ltd., Babson Loan Opportunity CLO, Ltd., Jfin CLO 2007 Ltd., Sapphire Valley CDO I, Ltd., Jeffries Finance CP Funding LLC, Brigade Leveraged Capital Structures Fund, Ltd., Battalion CLO 2007-I Ltd., Canyon Capital Advisors, LLC, Caspian Corporate Loan Fund, LLC, Caspian Capital Partners, L.P., Caspian Select Credit Master Fund, Ltd., Mariner Opportunities Fund, LP, Mariner LDC, Sands Point Funding Ltd, Copper River CLO Ltd., Kennecott Funding ltd., NZC Opportunities (Funding) II Limited, Green lane CLO Ltd., 1888 Fund, Ltd., Orpheus Funding LLC, Orpheus Holdings LLC, LFC2 Loan Funding

LLC, Halcyon Loan Investors CLO I Ltd., Halcyon Loan Investors CLO II ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured CLO 2006-I Ltd., Halcyon Structured Asset Management European 2008-II B.V., Halcyon Structures Asset Management I Ltd., Halcyon Structured Management Long Secured/Short Unsecured 2007-I Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-2 Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-3 Ltd., Aberdeen Loan Funding, Ltd., Armstrong Loan Funding, Ltd., Brentwood CLO, Ltd., Eastland CLO, Ltd., Emerald Orchard Limited, Gleneagles CLO, Ltd., Grayson CLO, Ltd., Greenbriar CLO, Ltd., Highland Credit Opportunities CDO, Ltd., Highland Loan Funding V, Ltd., Highland Offshore Partners, L.P., Jasper CLO, Ltd., Liberty CLO, Ltd., Loan Funding IV LLC, Loan Funding VII LLC, Loan Star State Trust, Longhorn Credit Funding, LLC, Red River CLO, Ltd., Rockwall CDO Ltd., Rockwall CDO II, Ltd., Southfork CLO, Ltd., Stratford CLO, Ltd., Westchester CLO, Ltd., ING Prime Rate Trust, ING Senior Income Fund, ING International (II) – Senior Bank Loans Euro., ING International (II) – Senior Bank Loans USD, ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING Investment Management CLO V, Ltd., Encore Fund LP, Nuveen Floating Rate Income Fund, Fortissimo Fund, Nuveen Floating Rate Income Opportunity Fund, Nuveen Senior Income Fund, Symphony Credit Opportunity Fund, Ltd., Symphony CLO I, Ltd., Symphony CLO II, Ltd., Symphony CLO III, Ltd., Symphony CLO IV, Ltd., Symphony CLO V, Ltd., Carlyle High Yield Partners 2008-I, Ltd., Carlyle High Yield Partners V, Ltd., Carlyle High Yield Partners VI, Ltd., Carlyle High Yield Partners VII, Ltd., Carlyle High Yield Partners VIII, Ltd., Carlyle High Yield Partners IX, Ltd., Carlyle Loan Investment, Ltd., Centurion CDO VI, Ltd., Centurion CDO VII, Ltd., Centurion CDO 8,

5

Limited, Centurion CDO 9, Limited, Cent CDO 10 Limited, Cent CDO XI Limited, Cent CDO 12 Limited, Cent CDO 14 Limited, Cent CDO 15 Limited, Venture CDO 2002, Limited, Venture II CDO 2002, Limited, Venture III CDO Limited, Venture IV CDO Limited, Venture V CDO Limited, Venture VIII CDO Limited, Venture IX CDO Limited, Vista Leveraged Income Fund, Veer Cash Flow CLO, Limited, Duane Street CLO I, Ltd., Duane Street CLO II, Ltd., Duane Street CLO III, Ltd., Duane Street CLO IV, Ltd., Duane Street CLO V, Ltd., Jay Street Market Value CLO I, Ltd., Riva Ridge Master Fund, Ltd., Mariner LDC, and Genesis CLO 2007-I Ltd. (collectively the "Term Lenders"), Bank of America N.A as Administrative Agent, Issuing Lender, and Swing Line Lender, Bank of America, N.A., Merrill Lynch Capital Corporation, JPMorgan Chase Bank, N.A., Barclays Bank PLC, Deutsche Bank Trust Company Americas, The Royal Bank of Scotland PLC, Sumitomo Mitsui Banking Corporation, Bank of Scotland, HSN Nordbank AG, MB Financial Bank, N.A., and Camulos Master Fund, L.P. ("Revolving Lenders") and Wells Fargo N.A., as Trustee and Lender, Serengeti Asset Management, LP, MFC Global Investment Management (US) LLC, Franklin Templeton Investments, Goldman Sachs Global Special Situations Group, Eaton Vance Management Inc., Satellite Asset Management, Bank of America LLC, Prudential Investment Management-Fixed Income, Nomura Corporate Research & Asset Management, DiMaio Ahmad Capital, LLC, Pioneer Investment Management, Inc., MFS Investment Management, New York Life Investment Management LLC, Regiment Capital Advisors LLC, Western Asset Management Co, JPMorgan High Yield Partners, Thrivent Financial For Lutherans, BlackRock Financial Management, Inc., Denver Investment Advisors LLC, Fidelity Management & Research Co, Goldman Sachs Asset Management LP (GSAM)(USA), RiverSource Investments LLC, Federated Investors, Inc., Ares Management, LP, Deutsche Asset Management (DeAM)(NYC), Tattersall Advisory Group Inc. (Philadelphia),

6

ING Investment Management (Atlanta), Logan Circle Partners LP, State Street Global Advisors (SSgA), UBI Pramerica SGR SpA, Barclays Capital, Inc., PPM America Inc., Brigade Capital Management, LLC, Crédit Suisse Asset Management Americas (CSAM)(NY), Allegiant Asset Management Co., FAF Advisors Inc., INVESCO Inc. (New York), Newberger Berman Management LLC and Richard Wenz ("2nd Mortgage Lenders") and John Does 1-50 representing any unknown successor lender or loan participant under either the Term Loan (as hereinafter defined) Delayed Draw Loan (as hereinafter defined) or Swing Line Loan (as hereinafter defined), pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 105 and 506.[1] The Construction Claimants allege as follows:

## JURISDICTION

1.      This is an adversary proceeding brought by the Construction Claimants to determine the validity, priority and extent of the Construction Claimants' liens such that the Term Lenders, Swing Line Lenders, Revolving Lenders and 2nd Mortgage Lenders (collectively "The Lenders") liens are inferior to those of the Construction Claimants.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      On July 14, 2009, Turnberry West Construction, Inc. ("TWC") brought an adversary complaint (the "TWC Complaint"), Case No. 09-01762-AJC, seeking to invalidate that certain Subordination Agreement by and between TWC and the Lenders and to challenge the validity, priority, and extent of the Lenders' liens. In the TWC Complaint, TWC asserted that it

---

[1] In compliance with Local Rule 7003-1(D)(1) and in accordance with Federal Rule of Bankruptcy Procedure 7020(a)(2)(A), all parties herein and all relief sought arise out of the same or a series of related transactions or occurrences.

7

"expects lien holders to intervene in this action and to allay any of the concerns of the lien holders who have asserted before this Court an issue of conflict, encourage lien holders to intervene in this action; however TWC intends to fully assert its lien rights through this action on behalf of itself and its sub-contractors." (D.E. 1 in Adv. Case No. 09-01762-AJC, at 8).

4.      This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (K) and (O). The statutory predicates for the relief requested herein are 11 U.S.C. § 506 and Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

6.      Austin General Contracting, Inc. is a Nevada Corporation, authorized and engaged in the business of general contracting in Nevada.

7.      Bombard Electric, LLC, is a Nevada Corporation, authorized and engaged in the business of electrical systems installation, design, and supply in Nevada.

8.      Bombard Mechanical, LLC, is a Nevada Corporation, authorized and engaged in the business of mechanical design, labor, and supply in Nevada.

9.      Desert Fire Protection, a Nevada Limited Partnership, is a Nevada Limited Partnership, authorized and engaged in the business of design, maintenance, and installation of fire protection systems in Nevada.

10.      Warner Enterprises, Inc., d/b/a Sun Valley Electric Supply Co., is a Nevada Corporation, authorized and engaged in the business of electric equipment, supply, installation, and maintenance in Nevada.

11.    Absocold Corporation d/b/a Econ Appliance, is an Indiana Corporation, authorized and engaged in the business of supply, installation, and maintenance of industrial equipment and appliances in Nevada.

12.    Powell Cabinet & Fixture Co., is a Nevada Corporation, authorized and engaged in the business of supply and installation of cabinetry and fixtures in Nevada.

13.    Safe Electronics, Inc., is a Nevada Corporation, authorized and engaged in the business of fire detection and burglar alarm systems design, installation, and maintenance in Nevada.

14.    TWC is a Nevada Corporation and the general contractor of the Project.

15.    Fontainebleau Las Vegas LLC ("FBLV" or "Debtor") is one of the Debtors in these Chapter 11 cases. It owns the real estate upon which the Project is being constructed. FBLV contracted with TWC to act as general contractor for the Project.

16.    Defendant Bank of America N.A. ("BOA"), is a nationally chartered bank with its main office in Charlotte, North Carolina. BOA is the Administrative Agent for the Term Lenders and the Revolving Lenders. It was the Initial Term Loan lender, the Initial Swing Line Lender, and Initial Delayed Draw Lender, as well as a Revolving Lender.

17.    Defendant Merrill Lynch Capital Corporation ("Merrill") is a Delaware corporation with a principal place of business in New York. Merrill is now indirectly owned by BOA. It is a Revolving Lender.

18.    Defendant Deutsche Bank Trust Company Americas is a New York State chartered bank with its principal office in New York, New York. It is a Revolving Lender.

19.    Defendant Barclays Bank PLC is a public limited company in the United Kingdom with its principal place of business in London, England. It is a Revolving Lender.

9

20.     Defendant Royal Bank of Scotland PLC is a banking association organized under the laws of the United Kingdom with a branch in New York, New York. It is a Revolving Lender.

21.     Defendant Bank of Scotland is chartered under the laws of Scotland, with its principal place of business in Edinburgh, Scotland. It is a Revolving Lender.

22.     Defendant Sumitomo Mitsui Banking Corporation New York is a Japanese corporation with offices in New York, New York. It is a Revolving Lender.

23.     Defendant HSH Nordbank AG, New York Branch is a German banking corporation with a branch in New York. It is a Revolving Lender.

24.     Defendant JPMorgan Chase Bank, N.A. is a nationally chartered bank with its headquarters in New York. It is a Revolving Lender.

25.     Defendant MB Financial Bank, N.A. is a nationally chartered bank with its main office in Chicago, Illinois. It is a Revolving Lender.

26.     Defendant Federal Deposit Insurance Corporation as the successor to First National Bank of Nevada. First National Bank was a Revolving Lender.

27.     Defendant Wells Fargo N.A. ("Wells Fargo"), is a nationally chartered bank with its main office in Sioux Falls, South Dakota. Wells Fargo is the Trustee for the 2nd Mortgage Lenders.

28.     Brigade Capital Management LLC is the Fund Manager for Brigade Leveraged Capital Structures Fund, Ltd.

29.     Canyon Capital Advisors LLC, is the Fund Manager for Canpartners Investments IV, LLC and Canyon Special Opportunities Master Fund (Cayman), Ltd.

10

30.     The Carlyle Group is the Fund Manager for the following Funds: Carlyle High Yield Partners 2008-I, Ltd, Carlyle High Yield Partners VI, Ltd., Carlyle High Yield Partners VII, Ltd., Carlyle High Yield Partners VIII, Ltd., Carlyle High Yield Partners IX, Ltd., Carlyle High Yield Partners X, Ltd., and Carlyle Loan Investment, Ltd.

31.     Guggenheim Investment Management, LLC is the Fund Manager for the following Funds: Green Lane CLO Ltd., Copper River CLO Ltd., Sand Point Funding, Ltd., Kennecott Funding Ltd., 1888 Fund, Ltd., Orpheus Funding LLC, Orpheus Holdings LLC, NZC Opportunities (Funding) II Limited and LFC2 Loan Funding LLC.

32.     Halcyon Loan Investors LP and Halcyon Structures Asset Management, LP are the Fund Managers for the following Funds: Halcyon Loan Investors CLO, Ltd., Halcyon Loan Investors CLO II Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured CLO 2006-I Ltd., Halcyon Structured Asset Management European 2008-II B.V., Halcyon Structures Asset Management I Ltd., Halcyon Structured Management Long Secured/Short Unsecured 2007-I Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-2 Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-3 Ltd.

33.     Highland Capital Management, LP is the Fund Manager for the following Funds: Aberdeen Loan Funding, Ltd., Armstrong Loan Funding, Ltd., Brentwood CLO, Ltd., Eastland CLO, Ltd., Emerald Orchard Limited, Gleneagles CLO, Ltd., Grayson CLO, Ltd., Greenbriar CLO, Ltd., Highland Credit Opportunities CDO, Ltd., Highland Loan Funding V, Ltd., Highland Offshore Partners, L.P., Jasper CLO, Ltd., Liberty CLO, Ltd., Loan Funding IV LLC, Loan Funding VII LLC, Loan Star State Trust, Longhorn Credit Funding, LLC, Red River CLO, Ltd., Rockwall CDO Ltd., Rockwall CDO II, Ltd., Southfork CLO, Ltd., Stratford CLO, Ltd., Westchester CLO, Ltd.

11

34.     Avenue Capital Management II, L.P. is the Fund Manager for Avenue CLO Fund, Ltd., Avenue CLO II, Ltd., Avenue CLO III, Ltd., Avenue CLO IV, Ltd., Avenue CLO V, Ltd., Avenue CLO VI, Ltd.

35.     Babson Capital Management and Jeffries Finance LLC are the Fund Managers for the following Funds: Babson CLO Ltd. 2004-I, Babson CLO Ltd. 2004-II, Babson CLO Ltd. 2005-I, Babson CLO Ltd. 2005-II, Babson CLO Ltd. 2005-III, Babson CLO Ltd. 2006-I, Babson CLO. Ltd. 2006-II, Babson CLO Ltd. 2007-I, Artus Loan Fund 2007-I Ltd., Babson Loan Opportunity CLO, Ltd., Jfin CLO 2007 Ltd., Sapphire Valley CDO I, Ltd., and Jeffries Finance CP Funding LLC.

36.     DiMaio Ahmad Capital LLC is the Fund Manager for the following Funds: Duane Street CLO I, Ltd., Duane Street CLO II, Ltd., Duane Street CLO III, Ltd., Duane Street CLO IV, Ltd., Duane Street CLO V, Ltd., Jay Street Market Value CLO I, Ltd.

37.     ING Investment Management Co., along with ING Investments, LLC, ING Alternative Asset Management, LLC and ING Investment Management Luxembourg S.A. are the Fund Managers for the following Funds: ING Prime Rate Trust, ING Senior Income Fund, ING International (II) – Senior Bank Loans Euro., ING International (II) – Senior Bank Loans USD, ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING Investment Management CLO V, Ltd.

38.     MJX Asset Management, LLC is the Fund Manager for the following Funds: Venture CDO 2002, Limited, Venture II CDO 2002, Limited, Venture III CDO Limited, Venture IV CDO Limited, Venture V CDO Limited, Venture VIII CDO Limited, Venture IX CDO Limited, Vista Leveraged Income Fund, Veer Cash Flow CLO, Limited.

12

39.      Ore Hill Partners LLC is the Fund Manager for Genesis CLO 2007-I, Ltd. Fund.

40.      Mariner Investment Group, LLC is the Fund Manager for Caspian Corporate Loan Fund, LLC, Caspian Capital Partners, L.P., Caspian Select Credit Master Fund, Ltd., Mariner Opportunities Fund, LP, Mariner LDC.

41.      Riva Ridge Capital Management, LP and Mariner Investment Group, LLC are the Fund Managers for Riva Ridge Master Fund, Ltd.

42.      RiverSource Investments, LLC is the Fund Manager for Centurion CDO VI, Ltd., Centurion CDO VII, Ltd., Centurion CDO 8, Limited, Centurion CDO 9, Limited, Cent CDO 10 Limited, Cent CDO XI Limited, Cent CDO 12 Limited, Cent CDO 14 Limited, and Cent CDO 15 Limited Funds.

43.      Symphony Asset Management LLC is the Fund Manager for the Following Funds:  Encore Fund LP, Nuveen Floating Rate Income Fund, Fortissimo Fund, Nuveen Floating Rate Income Opportunity Fund, Nuveen Senior Income Fund, Symphony Credit Opportunity Fund, Ltd., Symphony CLO I, Ltd., Symphony CLO II,  Ltd., Symphony CLO III, Ltd., Symphony CLO IV, Ltd., Symphony CLO V, Ltd.

44.      Defendants all known holders of the 2nd Mortgage Notes are as follows: Serengeti Asset Management, LP, MFC Global Investment Management (US) LLC, Franklin Templeton Investments, Goldman Sachs Global Special Situations Group, Eaton Vance Management Inc., Satellite Asset Management, Bank of America LLC, Prudential Investment Management-Fixed Income, Nomura Corporate Research & Asset Management, DiMaio Ahmad Capital ,LLC, Pioneer Investment Management, Inc., MFS Investment Management, New York Life Investment Management LLC, Regiment Capital Advisors LLC, Western Asset management Co, JPMorgan High Yield Partners, Thrivent Financial For Lutherans, BlackRock Financial

13

Management, Inc., Denver Investment Advisors LLC, Fidelity Management & Research Co, Goldman Sachs Asset Management LP (GSAM)(USA), RiverSource Investments LLC, Federated Investors, Inc., Ares Management, LP, Deutsche Asset Management (DeAM)(NYC), Tattersall Advisory Group Inc. (Philadelphia), ING Investment Management (Atlanta), Logan Circle Partners LP, State Street Global Advisors (SSgA), UBI Pramerica SGR SpA, Barclays Capital, Inc., PPM America Inc., Brigade Capital Management, LLC, Crédit Suisse Asset Management Americas (CSAM)(NY), Allegiant Asset Management Co., FAF Advisors Inc., INVESCO Inc. (New York), Newberger Berman Management LLC and Richard Wenz.

45.    Defendants John Doe 1-50 are the subsequent transferees of any portion of: (1) the Term Loan note, (2) the Delayed Draw note, or (3) the Swing Line note.

46.    On June 9, 2009 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are the owner of the "Fountainebleau Las Vegas" (the "Project"), a casino hotel, retail, and condominium development on the Las Vegas strip.

47.    As of the Petition Date, the Debtors have estimated that the Project is approximately 70% complete. The Construction Claimants have been integral to the development and completion of the Project so far, having performed significant labor, supplied equipment, and designed systems all of which are central to the Project.

48.    Pursuant to the Construction Contract, FBLV was to issue a notice to proceed with an effective date of April 1, 2007. Notice was actually issued on April 1, 2007.  Excavation and other work commenced on the Project in November 2007 and from that time the existence of construction work at the Project was open, notorious and obvious. The Construction Claimants' liens are properly perfected pursuant to Nevada law in the Clark County Recorder's Office and

14

aggregate $203,661,540.06. To date, the Contractor Claimants have not been paid on their contracts with TWC despite their demands for payment.[2]

49.    The Contractor Claimants liens and dates of recording breakdown as follows:

**A.    Austin General Contracting, Inc.:**

50.    On June 18, 2009, Austin General Contracting, Inc. ("Austin General") sent Fontainebleau Las Vegas, LLC (the "Debtor") and TWC, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $5,783,502.20 for work, materials, and/or equipment and supplies to the Project pursuant to its contract as to the Fontainebleau Tower. The "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 22, 2009 to each party. Austin General filed its "Notice and Claim of Lien" for $5,783,502.20 with Book/Instr: 20090713-0004123, which was recorded in the Clark County Recorder's office in the state of Nevada on July 13, 2009.

**B.    Bombard Electric, LLC:**

51.    On May 27, 2009 Bombard Electric, LLC ("Bombard Electric") sent the Debtor and TWC, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $54,647,384.66 for work provided, materials, and/or equipment described as framing related items to the apartment project located at or about 2827 Paradise Road, Las Vegas, NV 89109-5279. The "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about May 28, 2009. Bombard Electric filed its "Notice and Claim of Mechanic's Lien" for the amount $54,647,384.66 with Book/Instr: 20090723-0000895, which was recorded in the Office of the Clark County Recorder in the state of Nevada on July 23, 2009.

---

[2] TWC asserts that it "has received demand for payment from many of its subcontractors and many instances has been sued. The primary, if not sole, reason that TWC has been sued by its subcontractors is because of the Debtors inability to fund the Project; a situation that was ostensibly caused by the Revolving Lenders.

52.    On May 27, 2009 Bombard Electric also sent the Debtor and TWC, via certified mail, a second "Notice of Intent to Lien" demanding payment in the amount of $109,256,291.00 for work provided, materials, and/or equipment described as framing related items to the apartment project located at or about 2827 Paradise Road, Las Vegas, NV 89109-5279. The "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about May 28, 2009. Bombard Electric's second "Notice and Claim of Mechanic's Lien" for the amount $109,256,291.00 with Book/Instr: 20090723-0000894 was recorded in the Clark County Recorder's Office in the state of Nevada on July 23, 2009.

C.    **Bombard Mechanical, LLC:**

53.    On June 9, 2009 Bombard Mechanical, LLC ("Bombard Mechanical") sent the Debtor and TWC, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $9,525,710.27 for work provided, materials, and/or equipment described as Heating, Ventilation and Air Conditioning Work to the project located at or about 2827 Paradise Road, Las Vegas, NV 89109-5279. The "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 12, 2009. Bombard Mechanical's "Notice and Claim of Mechanic's Lien" for the amount $9,525,710.27 with Book/Instr: 20090713-0004122 was recorded by the Clark County Recorder's Office in the state of Nevada on July 13, 2009.

D.    **Desert Fire Protection, A Nevada Limited Partnership:**

54.    On June 1, 2009 Desert Fire Protection ("Desert Fire") sent the Debtor and TWC, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $1,693,407.00 for work provided, materials, and/or equipment described as Heating, Ventilation and Air Conditioning Work to the Project located at or about 2827 Paradise Road, Las Vegas, NV 89109-5279. The "Notice of Intent to Lien" was delivered via certified mail/return receipt on

16

or about June 4, 2009. Desert Fire's "Notice and Claim of Mechanic's Lien" for the amount $1,693,407.00 with Book/Instr: 20090702-0000990 was recorded in the Clark County Recorder's Office in the state of Nevada on July 2, 2009.

55.    On June 1, 2009 Desert Fire sent the Debtor and TWC, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $12,864,953.00 for work provided, materials, and/or equipment described as Heating, Ventilation and Air Conditioning Work to the Project located at or about 2827 Paradise Road, Las Vegas, NV 89109-5279. Desert Fire's second "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 5, 2009. Desert Fire's second "Notice and Claim of Mechanic's Lien" for the amount $12,864,953.00 with Book/Instr: 20090702-0000991 was recorded in the Clark County Recorder's Office in the state of Nevada on July 2, 2009.

56.    On June 1, 2009 Desert Fire sent the Debtor and TWC, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $2,528,017.00 for work provided, materials, and/or equipment described as Heating, Ventilation and Air Conditioning Work to the Project. The third "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 5, 2009. Desert Fire's third "Notice and Claim of Mechanic's Lien" for the amount of $2,528,017.00 with Book/Instr: 20090702-0000992 was recorded by the Clark County Recorder's Office in the state of Nevada on July 2, 2009.

**E.    Warner Enterprises, Inc., d/b/a Sun Valley Electric Supply Co., Inc.:**

57.    On June 8, 2009 Warner Enterprises, Inc., d/b/a Sun valley Electric Supply Co., Inc. ("Warner"), sent the Debtor and subcontractor, Conti Electric, Inc., via certified mail a "Notice of Intent to Lien" demanding payment in the amount of $80,981.56 for work provided, materials, and/or equipment described as electrical materials and supplies to the Project. The

17

"Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 11, 2009.  "Notice and Claim of Mechanic's Lien" for the amount $80,981.56 with Book/Instr: 20090706-0003373 was recorded in the Clark County Recorder's Office in the state of Nevada on July 6, 2009.

58.    On June 8, 2009 Warner sent the Debtor and subcontractor, Conti Electric, Inc., via certified mail a "Notice of Intent to Lien" demanding payment in the amount of $379,562.34 for work provided, materials, and/or equipment described as electrical materials and supplies to the Project. Warner's second "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 11, 2009. Warner's second "Notice and Claim of Mechanic's Lien" for the amount $379,562.34 with Book/Instr: 20090706-0003372 was recorded by the Clark County Recorder's Office in the state of Nevada on July 6, 2009.

59.    On June 8, 2009 Warner sent the Debtor, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $91,315.62 for work provided, materials, and/or equipment described as electrical materials and supplies to the Project. Warner's third "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 11, 2009. Warner's third "Notice and Claim of Mechanic's Lien" for the amount $91,315.62 with Book/Instr: 20090706-0003371 recorded by the Clark County Recorder in the state of Nevada on July 6, 2009.

   **F.    Absocold Corporation d/b/a Econ Appliance:**

60.    On June 19, 2009 Absocold Corporation d/b/a Econ Appliance ("Absocold"), sent TWC and the Debtor, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $453,554.03 for work provided, materials, and/or equipment described as appliances and materials to the Project. The "Notice of Intent to Lien" was delivered via certified

18

mail/return receipt on or about June 23, 2009. "Notice and Claim of Mechanic's Lien" for the amount of $453,554.03 with Book/Instr: 20090713-0004125 was recorded in the Clark County Recorder's Office in the state of Nevada on July 13, 2009.

      **G.**      **Powell Cabinet and Fixture Co.:**

61.      Powell Cabinet and Fixture Co.'s ("Powell") "Notice of Lien" for the amount of $1,855,801.00 with Book/Instr: 20090603-0002803 was recorded by the Washoe County Recorder's Office in the state of Nevada on June 3, 2009 against TWC and the Debtor for work performed, materials, and/or equipment provided to the Project.

      **H.**      **Safe Electronics, Inc.:**

62.      On June 3, 2009 Safe Electronics, Inc. ("Safe"), sent TWC and the Debtor, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $669,910.10 for work provided, materials, and/or equipment described as fire alarm system to the Project. The "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 8, 2009. Safe's "Notice and Claim of Mechanic's Lien" for the amount $669,910.10 with Book/Instr: 20090702-0000989 was recorded by the Clark County Recorder's Office in the state of Nevada on July 2, 2009.

63.      On June 3, 2009 Safe sent subcontractors, TWC and the Debtor, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $923,862.05 for work provided, materials, and/or equipment described as fire alarm systems to the Project. Safe's "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 8, 2009. Safe's second "Notice and Claim of Mechanic's Lien" for the amount $923,862.05 with Book/Instr: 20090702-0000987 was recorded by the Clark County Recorder's Office in the state of Nevada on July 2, 2009.

64.     On June 3, 2009 Safe sent subcontractor TWC and the Debtor, via certified mail, a "Notice of Intent to Lien" demanding payment in the amount of $2,907,288.29 for work provided, materials, and/or equipment described as fire alarm systems to the Project. Safe's second "Notice of Intent to Lien" was delivered via certified mail/return receipt on or about June 8, 2009. Safe's second "Notice and Claim of Mechanic's Lien" for the amount of $2,907,288.29 with Book/Instr: 20090702-0000989 was recorded in the Clark County Recorder's Office in the state of Nevada on July 2, 2009.

65.     In conjunction with the Motion to Use Cash Collateral [D.E.12] in the main case ("Cash Collateral Motion"), the Debtors have acknowledged that the prepetition lenders have valid first position liens that are "not subject to avoidance, re-characterization, reduction, disallowance, impairment, or subordination under the Bankruptcy Code or applicable non-bankruptcy law…" Paragraph 19(a) of the Second Interim Order Authorizing the Use of Cash Collateral [D.E.242] in the main case ("Second Cash Collateral Order") imposed a deadline of July 14, 2009, for TWC to file an action to determine the extent, priority and validity of its prepetition liens with respect to the Prepetition Agent and Prepetition Term Lenders, as those terms are defined in the Second Cash Collateral Order. On July 14, 2009, TWC filed its complaint. The Contractor Claimants have filed a Motion to Intervene in the Adversary Proceeding, for which this complaint serves a proposed intervenor complaint.

## COUNT I:  DETERMINATION OF VALIDITY, PRIORITY, AND EXTENT OF LIENS ASSERTED BY DEFENDANTS

66.     Plaintiff restates and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

20

67.    The Contractor Claimants provided work at the insistence of TWC, the general contractor for the owner of the Project. N.R.S. §§ 108.222.

68.    As provided by N.R.S. 108.245, the owner of the Project and TWC had actual knowledge of the Contractor Claimants' provision of labor, equipment, designs, and other services to the Project per the Notices of Right to Lien delivered to TWC and the owner of the Project.

69.    Pursuant to N.R.S. 108.226:

1.    To perfect his lien, a lien claimant must record his notice of lien in the office of the county recorder of the county where the property or some part thereof is located in the form provided in subsection 5:

(a) Within 90 days after the date on which the latest of the following occurs:
(1) The completion of the work of improvement;

(2) The last delivery of material or furnishing of equipment by the lien claimant for the work of improvement; or

(3) The last performance of work by the lien claimant for the work of improvement; or

(b) Within 40 days after the recording of a valid notice of completion, if the notice of completion is recorded and served in the manner required pursuant to N.R.S. 108.228.

2.    The notice of lien must contain:

(a) A statement of the lienable amount after deducting all just credits and offsets.

(b) The name of the owner if known.

(c) The name of the person by whom he was employed or to whom he furnished the material or equipment.

(d) A brief statement of the terms of payment of his contract.

21

(e) A description of the property to be charged with the notice of lien sufficient for identification.

3.    The notice of lien must be verified by the oath of the lien claimant or some other person. The notice of lien need not be acknowledged to be recorded.

The Contractor Claimants demanded payment of the amounts set forth in the various Notices and totaling $203,661,540.06, which amount remains past due and owing (the "Outstanding Balance").

70.    The individual Contractor Claimants noticed and filed their liens as individually set forth in above paragraphs 50 through 64.

71.    The Notices of Liens were in writing and recorded against the Property for the outstanding balance due to the Contractor Claimants in the aggregate amount $203,661,540.06 within the last 90 days of each Contractor Claimant's last delivery of materials, performance of work, or furnishing of equipment. The Notices of Lien are properly verified. The Notices of Lien are properly perfected and satisfy the requirements of N.R.S. § 108.226. Accordingly, the Contractor Claimants have valid liens for the Outstanding Balance pursuant to N.R.S. § 108.2403. [3]

72.    The Notices of Liens were served upon the record owners and TWC and/or their authorized agents, as required by law.

73.    Pursuant to N.R.S. § 108.225:

1.    The liens provided for in N.R.S. 108.221 to 108.246, inclusive, are preferred to:

(a) Any lien, mortgage or other encumbrance which may have attached to the property after the commencement of construction of a work of improvement.

---

[3] The Contractor Claimants reserve the right to amend their liens.

(b) Any lien, mortgage or other encumbrance of which the lien claimant had no notice and which was unrecorded against the property at the commencement of construction of a work of improvement.

2.      Every mortgage or encumbrance imposed upon, or conveyance made of, property affected by the liens provided for in N.R.S. 108.221 to 108.246, inclusive, after the commencement of construction of a work of improvement are subordinate and subject to the liens provided for in N.R.S. 108.221 to 108.246, inclusive, regardless of the date of recording the notices of liens.

Upon information and belief, the physical work on the Project commenced on November 2006, before the Defendants recorded their Deed of Trust and/or other interests or liens on the Project.

74.     The Contractor Claimants allege that their liens against the Project are superior to those of the Lender Defendants and any other non-mechanics' or materialmens' lien claimants.

75.     The Contractor Claimants have been required to engage the services of undersigned counsel to collect the Outstanding Balance due and owing for the services and equipment that they have provided, and the Contractor claimants are entitled to recover their reasonable costs, attorneys' fees, and interest for bringing this action.

**WHEREFORE**, the Contractor Claimants respectfully request that the Court enter judgment in their favor and against the Defendants: (1) declaring that the Contractor Claimants hold valid, perfected, first priority liens against the Project in the Outstanding Amount superior to the alleged liens of the Defendant-Lenders and to the interests of the Debtors; (2) awarding the Contractor Claimants their reasonable costs, attorneys' fees, and interest associated with this proceeding; and (3) for such other and further relief as the Court deems just.

Dated: July 27, 2009.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

23

Respectfully submitted,
/s/ Robert Charbonneau_____
Robert P. Charbonneau, Esq.
Fla. Bar No. 968234
Daniel L. Gold, Esq.
Fla. Bar. No. 0761281
**EHRENSTEIN CHARBONNEAU CALDERIN**
800 Brickell Avenue, Suite 902
Miami, Florida 33131
T. (305) 722-2002      F. (305) 722-2001
Counsel for Contractor Claimants