

**ORDERED in the Southern District of Florida on August 07, 2009.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, et al.,[1] | Case No. 09-21481-BKC-AJC Chapter 11 (Jointly Administered) |
| Debtors. / | |

TURNBERRY WEST CONSTRUCTION, INC.,

    Plaintiff,

vs.                                                                                         Adv. Pro No. 09-01762-BKC-AJC-A

AVENUE FUND, LTD.; et al.,

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822]. The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

750982.4
750982.5

Defendants.
_____/

## ORDER GRANTING MOTION OF DEBTORS FOR ENTRY OF AN ORDER STAYING ADJUDICATION OF AMENDED COMPLAINT [D.E. # 13][2]

This cause came before the Court on July 30, 2009 at 3:00 p.m. upon the Motion dated July 21, 2009 [D.E. #13] (the "Motion"), filed by Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC, and Fontainebleau Las Vegas Capital Corp., as debtors and debtors in possession (each, individually a "Debtor" and, collectively, the "Debtors"), for entry of an order to stay Count II of the amended complaint [D.E. #7] (the "Complaint") filed in the above-captioned adversary proceeding commenced on July 14, 2009 by Turnberry West Construction, Inc. ("TWC") (the "Adversary Proceeding"), and based upon the agreement between the Debtors, TWC, and certain Term Lenders (the "Term Lenders") on the terms and conditions for a stay of this Adversary Proceeding, and the Court having considered the Motion and the objections filed thereto, and a hearing to consider approval of the Motion having been held and concluded on July 30, 2009 (the "Hearing"), and after due deliberation and consideration and for the reasons stated by this Court from the bench at the Hearing, good and sufficient cause appearing therefor,

NOW, THEREFORE, IT IS ORDERED:

1.   The Motion, as modified by the agreement of the Debtors, TWC and the Term Lenders, is **GRANTED**.  Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits.

2.   The Adversary Proceeding is hereby stayed, effective as of the date of the Hearing.  Such stay applies to:  a) both Count I and Count II of the Complaint; and b) any

---

[2] The Motion filed by the Debtors only sought a stay of Count II of the Amended Complaint.  However, based upon the agreements reached among the parties, and as set forth below, both Count I and Count II of the Amended Complaint are stayed by this Order.

2

motion to intervene filed in the Adversary Proceeding.  The Debtors, TWC and the Term Lender Steering Group shall each have the unilateral right to terminate the stay of the Adversary Proceeding on fourteen (14) days written notice, which shall be filed and served on all parties to the Adversary Proceeding.  The date that is fourteen (14) days after the filing and service of such notice shall be the "Resumption Date."

3. During the period of the stay, any periods of time to answer or otherwise respond to the Complaint, or take any other action in the Adversary Proceeding, are tolled, effective as of the date of the Hearing.  Accordingly, each defendant in the Adversary Proceeding shall have, as of the Resumption Date, an equal period of time to file a responsive pleading as was the case on the date of the Hearing.

4. Notwithstanding the stay of the Adversary Proceeding pursuant to this Order, (a) TWC is expressly authorized to take the following actions prior to the Resumption Date:  (i) add and/or substitute new defendants; (ii) cause this Court to issue summons against any new defendant; (iii) serve the summons and Complaint upon any defendant, provided, that pursuant to Paragraph 3, any deadline to respond to the Complaint shall be tolled as of the date of such service; or (iv) make a request upon the (A) Prepetition Agent under the Credit Agreement dated June 6, 2007, among Fontainebleau Las Vegas, LLC and Fontainebleau Las Vegas II, LLC as borrowers, certain lenders (each, or its respective assignees, a "<u>Prepetition Lender</u>" and, collectively, the "<u>Prepetition Lenders</u>") and Bank of America, N.A. as administrative agent for the Prepetition Lenders and (B) indenture trustee under the 10 ¼ % Second Mortgage Notes Due 2015, to confirm the current holders of the obligations under each such credit facility, and (b) such stay shall not prohibit any other party-in-interest in the bankruptcy cases from (i) following the Resumption Date, seeking to intervene in the Adversary Proceeding or (ii) filing a separate adversary proceeding to determine the validity, priority or extent of its liens.

# # #

<u>Submitted by:</u>

Scott L. Baena (Florida Bar No. 186445)
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

<u>Copies to:</u>
Scott L. Baena
*(Attorney Baena shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*